Filed 11/13/20  P. v. Kim CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEUNG HAN KIM,<br><br>    Defendant and Appellant. | B303718<br>(Los Angeles County<br>Super. Ct. No. BA284029) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Dismissed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Keung Han Kim appeals from a postconviction order denying his petition for resentencing under Senate Bill No. 1437. His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496.

A jury convicted Kim of child abuse (Pen. Code,[1] § 273a, subd. (a); counts 1 & 3), mayhem (§ 203; count 2), second degree murder (§ 187, subd. (a); count 4), and assault on a child causing death (§ 273ab; count 5). The jury found true great bodily injury enhancements (§§ 12022.7, subd. (d), 12022.95). In 2007, the trial court sentenced Kim to 25 years to life. A different panel of this Division affirmed the judgment of conviction in *People v. Kim* (Feb. 22, 2008, B197604) [nonpub. opn.].

In 2019, Kim petitioned for resentencing under Senate Bill No. 1437. Using a form petition, Kim declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted of first or second degree murder pursuant to those doctrines, and he could not now be convicted of second degree murder because of changes to sections 188 and 189. He did not declare he was not the actual killer. Kim also requested that counsel be appointed for him.

The People filed a response to Kim's petition in which it argued he was the actual killer. After reviewing the file and appellate decision affirming Kim's conviction, the trial court noted that the jury had been instructed with CALJIC Nos. 8.11 and 8.31, which the trial court thought referred to the natural and probable consequences doctrine. The trial court therefore

---

[1] All further statutory references are to the Penal Code.

appointed counsel for Kim, who filed a reply to the People's opposition. In the reply, counsel conceded that while the instructions referred to the natural consequences of an act, the jury was not instructed on the natural and probable consequences doctrine. At a hearing on the petition at which the parties appeared, Kim's counsel conceded that Kim was not convicted under either the felony murder or natural and probable consequences doctrines and that Kim was the actual killer. The trial court denied the petition.

Kim appealed. His appellate counsel declared he was unable to find any arguable issues and asked us to follow the procedures in *People v. Serrano*, *supra*, 211 Cal.App.4th 496. Kim did not submit a supplemental brief. We have nonetheless examined the record and found no arguable issues. We are further satisfied that his attorney has fully complied with the responsibilities of counsel. Accordingly, we dismiss the appeal. (See generally, *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


DHANIDINA, J.

We concur:


EDMON, P. J.          LAVIN, J.